■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SATROHAN SINGH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 6, 1987, convicting him of attempted murder in the second degree, assault in the first degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly determined that the defendant's

arrest was supported by probable cause based upon evidence that the complainant gave the defendant's nickname to the detective, and the codefendant, upon his arrest, further identified the defendant by giving the police his phone number, thereby leading the police to him *(see,* CPL 140.10 [1] [b]; *see also, People v Berzups,* 49 NY2d 417, 427).

Since the complainant knew the defendant prior to the commission of the offense, any issue of suggestiveness is irrelevant and the showup was merely confirmatory in nature *(see, People v Tas,* 51 NY2d 915, 916; *People v Gissendanner,* 48 NY2d 543, 552; *People v Johnson,* 124 AD2d 748, *lv denied* 69 NY2d 713). In any event, an adequate basis also existed for the complainant's in-court identification *(see, People v Riley,* 70 NY2d 523, 531-532; *People v Rahming,* 26 NY2d 411, 417). Finally, we find no abuse of discretion in the trial court's ruling on the admissibility of the testimony of the defendant's brother since it related to a separate incident which was remote and conjectural to the issue of the defendant's guilt or innocence *(see,* Richardson, Evidence § 147 *et seq.* [Prince 10th ed]; *see also, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670). Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.