■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RIVERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered January 14, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

According to the testimony of the Medical Examiner, the victim was murdered sometime between the hours of 10:30 P.M. and 2:30 A.M., on September 27, 1984. While several of the victim's neighbors testified that they saw the defendant's van outside the victim's apartment building that night and/or that they saw the defendant inside the building, the most damaging evidence against him came from the victim's four-year-old niece who gave unsworn testimony that she was in the victim's apartment, that she witnessed the murder and that the defendant was the man who "stabbed her [aunt] with the knife".

Prior to her appearance at the first trial (which resulted in a mistrial due to a jury deadlock), the child was questioned by the court to determine her competence to testify in accordance with CPL 60.20. We are satisfied from our review of the voir dire conducted by the court and by counsel that the child had

an insufficient understanding of the nature of an oath to be sworn; however, we find that there was no abuse of discretion in permitting her to testify as an unsworn witness. The child's responses demonstrated a degree of intelligence, comprehension, memory, logic and appropriateness sufficient to satisfy the statutory requirements (CPL 60.20 [2]; *see generally, People v Parks,* 41 NY2d 36). Due to the passage of time prior to the new trial, a de novo inquiry should be made as to the witness's ability to testify under oath.

In our view, several serious errors in the court's charge necessitate reversal. As is often noted, New York is one of the few, if not the only State which permits unsworn testimony and CPL 60.20 contains an explicit requirement that a defendant may not be convicted of an offense solely upon such evidence (CPL 60.20 [3]). The corroborative evidence required to support the unsworn testimony must tend to "establish the crime and that the defendant committed it" *(People v Groff,* 71 NY2d 101, 109). In the case at bar, the court erroneously charged that the corroboration need only tend to establish that a crime occurred. The error was compounded when the court predetermined the issue for the jury by stating that the fact that a crime occurred was uncontested. Additionally, the court misstated the nature of the defense by telling the jury that the defendant denied being at the victim's apartment building "at all on the day in question". Despite counsel's objection, the court refused to correct the misstatement thereby depriving the defendant of the right to conduct his own defense *(see, Strickland v Washington,* 466 US 668, 686). The proof of guilt in this case cannot be described as overwhelming and these errors require reversal.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.