■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE GREEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered March 31, 1986, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), sexual abuse in the first degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find that the hearing court did not err in ruling that the defendant's statement would be admissible at trial. This statement, in which the defendant admitted to having sexual intercourse with the complainant, but denied that he had raped her, was volunteered to the police after he had been advised of his constitutional rights (see, People v Hamilton, 138 AD2d 625). The statement was neither made in response to custodial interrogation nor elicited through coercion (see, People v Leonard, 59 AD2d 1). Additionally, we agree with the hearing court that the defendant's arrest was based upon probable cause, to wit, the accusation by the complainant that he had raped her (see, People v Cotton, 143 AD2d 680; People v Sanders, 79 AD2d 688; People v Crespo, 70 AD2d 661).

Furthermore, viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.