■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 3, 1990, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. While the medical evidence was inconclusive, the complainant, who was nine years old at trial, credibly testified that the defendant raped her. Further, her five-

week delay in reporting the rape was readily explained by the defendant's threats. Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the court did not improvidently exercise its discretion in admitting the evidence that the complainant tested positive for chlamydia, since the examining doctor testified that the presence of chlamydia in a prepubertal child was indicative of sexual abuse *(see, People v Collins,* 123 AD2d 779). The claim that a limiting instruction should have been issued is unpreserved for appellate review and we decline to address it in the exercise of our interest of justice jurisdiction *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.