■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BULL, Appellant. [630 NYS2d 354] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cirigliano, J.), rendered March 6, 1992, convicting him of rape in the first degree (two counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant stands convicted of the rape and sexual abuse of two young sisters. The testimony adduced at trial reveals that during the summer of 1989, eight-year-old Michelle M. and five-year-old Renee M. resided in the foster care home of Carol W. The defendant was the father of Carol W.'s son, and a regular visitor to the household. According to the testimony of the older child, Michelle, in mid-July 1989 she and her sister were briefly left alone in the defendant's care. The defendant ordered Michelle to undress, instructed her to touch his penis, and then placed his penis into her vagina. After sexually assaulting Michelle, the defendant directed her to undress her younger sister Renee, and then inserted his penis into Renee's vagina.

Shortly after the commencement of trial, the court conducted a voir dire to determine whether Renee, who had just turned eight, should be permitted to testify. During the voir dire, Renee testified that she remembered who the defendant was, but that she did not remember much about the period of time when she lived with Carol W., and did not remember whether the defendant had done anything bad to her. Moreover, Renee did not remember the defendant visiting Carol W.'s household. Although defense counsel urged the court to permit Renee to testify as an unsworn witness, the court refused to do so,

concluding that child could not offer relevant testimony on the issue of whether she had been raped and sexually abused because she had no recollection of the events of the summer of 1989.

On appeal, the defendant contends, *inter alia,* that the court's refusal to permit him to call Renee as an unsworn witness deprived him of a fair trial because Renee's testimony that she did not recall him visiting her foster home or doing anything bad to her was probative evidence. We agree that the defendant should have been permitted to call Renee, and that the cumulative impact of this error and several others warrant reversal.

The right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process *(see, Jenkins v McKeithen,* 395 US 411), and the testimony of a defendant's witness should never be prospectively excluded as irrelevant unless his or her offer of proof reveals that the evidence is offered in palpable bad faith *(see, People v Gilliam,* 37 NY2d 722; *People v Rouff,* 163 AD2d 338). Here, Renee's responses during the voir dire demonstrated that she possessed a sufficient degree of intelligence, comprehension, memory, logic, and appropriateness to permit her to testify as an unsworn witness *(see,* CPL 60.20 [2]; *People v Rivers,* 149 AD2d 544). Accordingly, the defendant should have been permitted to call Renee to offer testimony that she did not recall being raped or abused by him. Although the prosecutor noted during voir dire that its expert witness could offer testimony demonstrating that a child's inability to recall being sexually abused was consistent with child sexual abuse accommodation syndrome, the fact that such an explanation could be offered did not justify the total preclusion of the young complainant's prospective testimony.

We further note that after the prosecution presented extensive evidence establishing that the children had been diagnosed as suffering from sexually transmitted diseases some 15 months after they were allegedly raped, the court unduly restricted the defendant's efforts to establish that he was not infected with such diseases. Contrary to the defendant's contention, the evidence that Michelle tested positive for gonorrhea and that both children tested positive for chlamydia was properly admitted because it tended to establish that they had been victims of rape or sexual abuse *(see, People v Williams,* 176 AD2d 371). However, despite the fact that a report which purportedly demonstrated that the defendant was free of sexually transmitted diseases in November 1990 was hearsay, the

defendant should have been permitted to testify that he voluntarily submitted to testing after learning that he was under investigation for raping and abusing the complainants.

In addition, we agree that the defendant's right to a fair trial was compromised by the prosecutor's summation, which contained comments impermissibly shifting the burden of proof to the defendant by implying that the jury would have to find that Michelle had lied in order to acquit him, and by focusing on the defendant's inability to definitively prove that he was not infected with a sexually transmitted disease on the date he allegedly raped the complainants (see, People v Langford, 153 AD2d 908; People v Williams, 112 AD2d 177).

We have examined the defendant's remaining contentions and find that they are without merit. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.