■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. WASLEY, Appellant. [671 NYS2d 767] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 30, 1997, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child.

Defendant's convictions stem from his September 6, 1996 sexual contact with a six-year-old boy. Although pursued at considerable length, defendant's assertions of error lack any discernible merit and warrant little discussion.

Initially, in view of the People's instruction to the Grand Jury that the victim's unsworn testimony must be corroborated by "other evidence that tends to connect the defendant to the commission of the crime * * * in such a way that [they] are satisfied that the boy was telling the truth about what happened", we reject the contention that the People failed to fulfill their obligation to instruct the Grand Jury concerning the applicable corroboration requirement (*see,* CPL 190.25 [6]; CPL 60.20 [3]; *see also, People v Groff,* 71 NY2d 101, 104).

We are also unpersuaded that the prosecutor's reference to defendant as "Mr. Dick" and his leading questions to the victim, either before the Grand Jury or at trial, were improper. The record makes it clear that the victim had previously known defendant by the name of "Mr. Dick", and it is settled law that a prosecutor will be given considerable latitude in his or her questioning of a child victim of a sex crime who is apparently unwilling to testify freely (*see, People v Tyrrell,* 101 AD2d 946). As a final matter, based upon the victim's sworn testimony that defendant touched and "kissed" his penis and his "butt" and made him do the same to defendant, defendant's own oral admissions and the testimony of several eyewitnesses who saw defendant in his living room with the victim and observed that both of them were nude, we conclude that the trial evidence was legally sufficient to support the sodomy convictions, which were by no means against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The claimed inconsistencies in the victim's testimony merely created a credibility issue for the jury to resolve.

Defendant's remaining contentions are both unpreserved and meritless.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.