■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEGUNDO CELDO, Appellant. [739 NYS2d 25] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered August 27, 1998, convicting defendant, after a jury trial, of sexual abuse in the first degree and endangering the welfare of a child, and sentencing him to concurrent terms of 3 to 6 years and one year, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion made on the ground that the prosecutor's examination of the victim regarding her drawing of defendant's penis and the prosecutor's display of that drawing to the jury were conducted in a prejudicial manner, since the court's curative actions were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865). By failing to object, by making generalized objections, or by failing to request any further relief after objections were sustained, defendant has not preserved any of his other claims of prosecutorial misconduct and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. In general, the prosecutor was acting properly within her role as an advocate, and none of the alleged misconduct

prevented a fair trial (*see*, *People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Specifically, the allegedly inflammatory portions of the prosecutor's opening statement accurately described evidence that she intended to present, the use of some leading questions in direct examination of the six-year-old victim was reasonable in view of her age, the alleged disparagement of defense counsel on redirect examination of the victim's mother was responsive to the cross-examination, the prosecutor's handling of a situation involving a witness's false testimony did not cause any prejudice to defendant, the cross-examination of defendant was responsive to his claim that the victim and her family were lying, and the prosecutor's summation did not deprive defendant of a fair trial.

We perceive no basis for a reduction of sentence. Concur— Tom, J.P., Andrias, Saxe, Wallach and Rubin, JJ.