The People of the State of New York, Respondent, v Christopher G. Saunders, Jr., Appellant. [796 NYS2d 446]—

Kane, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered April 10, 2002, convicting defendant following a nonjury trial of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

Defendant sold crack cocaine to a police officer two separate times on the same night. He acknowledged that he did so, but contended that he was working with the Columbia County Drug Task Force at the time, thus allegedly providing him with defenses of agency or entrapment. Defendant waived his right to a jury trial and proceeded with a bench trial, resulting in his conviction of two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. He now appeals.

Defendant validly waived his right to a jury trial. Defendants have a statutory right to waive trial by jury, and such waiver must be accepted by the court if it is made knowingly and in accordance with statutory requirements (see CPL 320.10; People v Ahl, 243 AD2d 985, 986 [1997], lv denied 91 NY2d 868 [1997]). Here, County Court accepted defendant's written waiver, signed in open court, only after an extensive colloquy regarding defendant's condition and the benefits associated with a jury trial, establishing that defendant knowingly waived this right (see People v Miller, 217 AD2d 810, 811 [1995], lv denied 86 NY2d 798 [1995]). Defendant's comments regarding his emotional difficulties were related to his displeasure with the legal proceedings, not to his ability to understand those proceedings or his legal rights, as demonstrated by his answers to the court's questions. Therefore, his waiver was knowing, intel-

ligent and voluntary (*see People v Mettler*, 147 AD2d 849, 851 [1989], *lv denied* 74 NY2d 666 [1989]).

Defendant's conviction was not against the weight of the evidence. In addition to the testimony of the undercover officer who purchased drugs from defendant two separate times, as well as the audiotapes of those transactions, defendant admitted his involvement in both transactions. His testimony that he was working as a confidential informant at the time was flatly contradicted by the officer whom defendant alleged was his police contact. According great deference to the factfinder's credibility determinations, we find that the evidence fully supported the conviction (*see People v Hure*, 16 AD3d 774 [2005]; *People v Krzykowski*, 293 AD2d 877 [2002], *lv denied* 100 NY2d 643 [2003]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.