(August 11, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMEL THOMAS, Appellant. [799 NYS2d 653]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered November 7, 2002, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the first degree.

Defendant was indicted for the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree. The indictment stems from allegations made by an acquaintance of defendant (hereinafter the victim) that defendant engaged in sexual intercourse with her while she was passed out and alone with him in her cousin's apartment, following an evening of smoking marihuana and excessive alcohol consumption. While defendant acknowledged having had sexual inter-

course in addition to oral-genital contact, he vigorously insisted that the victim was conscious and consenting. The victim, who contended that she did not recall the sexual encounter, based her allegations upon the fact that when she awoke, defendant was asleep on the couch with her and she discovered evidence that sexual activity had taken place. Following a jury trial, defendant was convicted of rape in the first degree and sexual abuse in the first degree, but acquitted on the sodomy charge. Defendant now appeals.

Initially, we find no merit in defendant's contention that County Court erroneously denied his motion to suppress his statements based upon the failure to provide *Miranda* warnings (*see People v Hardy*, 223 AD2d 839, 840 [1996]). The detective to whom defendant gave a statement testified that defendant voluntarily appeared at the police department following the detective's invitation during a telephone conversation. The detective further testified that, during their meeting, defendant was not restrained, spoke casually with the detective and ultimately gave both oral and written statements. At the conclusion of the meeting—in response to defendant's queries—the detective explained that he was merely investigating the case and would contact defendant if further assistance were required. Defendant then freely departed.

Under these circumstances, County Court correctly found that defendant was not in custody and rejected defendant's motion to suppress his oral and written statements (*see People v Langlois*, 17 AD3d 772, 773-774 [2005]; *People v Lyons*, 4 AD3d 549, 551-552 [2004]; *People v Petrie*, 3 AD3d 665, 666 [2004]). Moreover, as the evidence establishes that at the time defendant made his noncustodial statement the police were involved in the investigatory stage of the case, we also reject defendant's contention that the decision by the police to delay making an arrest was an improper means of avoiding *Miranda* (*see People v Rivenburgh*, 1 AD3d 696, 698 [2003], *lv denied* 1 NY3d 579 [2003]; *People v Jansson*, 305 AD2d 942, 944 [2003]; *People v MacGilfrey*, 288 AD2d 554, 555-556 [2001], *lv denied* 97 NY2d 757 [2002]).

Next, we find that defendant failed to preserve his claim that the verdict was not supported by legally sufficient evidence; defendant's motion for a directed verdict on the ground that the People failed to establish a prima facie case was not sufficiently specific to preserve that claim (*see People v Woodard [BJ]*, 11 AD3d 899, 899 [2004], *lvs denied* 4 NY3d 796, 804 [2005]; *People v Stewart*, 11 AD3d 568, 568 [2004], *lv denied* 4 NY3d 748 [2004]; *People v Butler*, 273 AD2d 613, 614 [2000], *lv denied* 95

NY2d 933 [2000]). In any event, because sufficient evidence exists to support the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we are not persuaded to reverse defendant's conviction in the interest of justice. Here, defendant admitted that sexual intercourse occurred, the People proffered evidence of the victim's state of inebriation, which was such that her friends were unable to awaken her upon their departure leaving her alone with defendant, and the victim testified that she did not have any recollection of engaging in sexual relations with defendant. Viewing this evidence in the light most favorable to the People, it is clear that it created a valid line of reasoning that could lead the jury to have found that the victim was "incapable of consent by reason of being physically helpless" (Penal Law § 130.35 [2]; § 130.65 [2]; *see People v Lynch*, 95 NY2d 243, 247 [2000]).

Nor are we persuaded that defendant's conviction was against the weight of the evidence. Defendant's claim that the victim initiated the sexual contact and was a willing partner presented a credibility determination for the jury. According deference to that determination, we find that defendant's conviction was not contrary to the weight of credible evidence (*see People v Saunders*, 19 AD3d 744, 745 [2005]).

We agree with defendant, however, that County Court erroneously denied his motion to dismiss the charge of sodomy in the first degree from the indictment due to the prosecutor's failure to sufficiently address it in his opening statement. Nevertheless, because defendant was later acquitted of the charge and failed to demonstrate any prejudice as a result of the failure to dismiss that count, such error was harmless (*see Matter of Timothy L.*, 71 NY2d 835, 837-838 [1988]; *People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]; *People v Tzatzimakis*, 150 AD2d 512, 512 [1989]).

Contrary to defendant's next claim, the count of the indictment charging him with sexual abuse in the first degree is not duplicitous. "[A]n indictment is duplicitous when one count of the indictment charges more than one offense" (*People v Kindlon*, 217 AD2d 793, 795 [1995], *lv denied* 86 NY2d 844 [1995]) thereby rendering it "virtually impossible to determine the particular act [as to each count] as to which the jury reached a unanimous verdict" (*People v Keindl*, 68 NY2d 410, 421 [1986]; *see People v Raymo*, 19 AD3d 727, 729 [2005]). The crime of sexual abuse in the first degree as charged required a finding of "sexual contact," defined as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes

the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing" (Penal Law § 130.00 [3]; § 130.65). As the statute does not require a finding of a specific type of sexual contact, defendant's contention that the indictment is duplicitous on that ground is without merit.

Finally, we reject defendant's contention that his sentence was harsh and excessive (*see People v Tirado*, 19 AD3d 712, 714 [2005]). We have reviewed defendant's other contentions, including County Court's handling of jury requests and the trial transcript, and find that they are unpreserved for appellate review and, in any event, lack merit.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.