■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE S. MENDOZA, Appellant. [853 NYS2d 364]—

There is no merit to the defendant's contention that he was arrested on less than probable cause and that, as a result, his statements to law enforcement officials should have been suppressed. Where, as here, an identified citizen accuses another individual of a specific crime, the police possess probable cause to arrest (*see* CPL 70.10 [2]; *People v Griffin,* 15 AD3d 502 [2005]; *People v Jansson,* 305 AD2d 942, 943 [2003]; *People v Green,* 154 AD2d 548 [1989]; *People v Singh,* 142 AD2d 743, 744 [1988]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in determining that the five-year-old complainant was competent to give sworn testimony. The examination of the child revealed that she knew the difference between telling the truth and telling a lie, promised to tell the truth, and indicated that she would be punished by her family and by God if she lied (*see* CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560, 566 [1975]; *Matter of James N.,* 19 AD3d 1047, 1048 [2005]; *People v McIver,* 15 AD3d 677, 678 [2005]; *People v Gillard,* 7 AD3d 540, 541 [2004]; *People v Brill,* 245 AD2d 384 [1997]; *People v Roger S.,* 168 AD2d 581 [1990]). In any event, on this record, the complainant could properly have been permitted to testify as an unsworn witness (*see* CPL 60.20 [2]) because her testimony was sufficiently corroborated by other evidence (*see People v Groff,* 71 NY2d 101, 109-110 [1987]; *People v Maldonado,* 199 AD2d 563 [1993]), including the defendant's own statements to the police. Thus, even if permitting the complainant to testify under oath had constituted error, it would not require reversal (*see People v McIver,* 15 AD3d 677, 678 [2005]; *People v Morey,* 224 AD2d 730, 731-732 [1996]).

The defendant's contention that the evidence presented was legally insufficient to establish the elements of "oral sexual conduct" (*see* Penal Law § 130.00 [2]; § 130.50 [3]) and "sexual gratification" (*see* Penal Law § 130.00 [3]; § 130.65 [3]; § 260.10 [1]), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Hughes,* 6 AD3d 725, 726 [2004]; *Matter of Rahmel S.,* 4 AD3d 365, 366 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Ortiz,* 16 AD3d 831, 833 [2005]; *People v Watson,* 281 AD2d 691, 698 [2001]; *Matter of Joel H.,* 279 AD2d 266, 267 [2001]; *People v Beecher,*

225 AD2d 943, 944-945 [1996]). The defendant's contention that the evidence of identification was legally insufficient, while preserved for appellate review, is equally without merit.

We also reject the defendant's contention that the Supreme Court improvidently exercised its discretion in allowing a nurse practitioner to testify that the lack of physical findings of abuse was consistent with the complainant's allegations (*see People v Heer*, 12 AD3d 1154, 1155 [2004]; *People v Dosti*, 11 AD3d 253 [2004]; *People v Shelton*, 307 AD2d 370, 371 [2003], *affd* 1 NY3d 614 [2004]; *People v Barber*, 299 AD2d 893, 894 [2002]; *People v Scott*, 294 AD2d 661, 664 [2002]; *People v Houston*, 250 AD2d 535, 536 [1998]).

There is no merit to the defendant's contention that the prosecutor improperly questioned the complainant. While some of the complained of questions may have been leading (*see* Prince, Richardson on Evidence § 6-223 [Farrell 11th ed]), in light of the complainant's age, and the intimate and embarrassing nature of the crimes, allowing the prosecutor considerable latitude in questioning her was a provident exercise of discretion (*see People v Celdo*, 291 AD2d 357 [2002]; *People v Wasley*, 249 AD2d 625, 626 [1998]; *Matter of William T.*, 182 AD2d 766, 767 [1992]; *People v Greenhagen*, 78 AD2d 964, 966 [1980]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention that the Supreme Court erred in allowing the complainant to testify that she told various persons about being sexually abused is unpreserved for appellate review, and in any event, any error was harmless. The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.