■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SCHNOOR, Appellant. [943 NYS2d 894]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered October 13, 2009, convicting him of attempted aggravated sexual abuse in the third degree and endangering the welfare of a child, after a nonjury trial, and sentencing him to six months in jail and 10 years of probation on the conviction of attempted aggravated sexual abuse in the third degree, and to 90 days in jail and six years of probation on the conviction of endangering the welfare of a child, to be served concurrently.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the conviction for endangering the welfare of a child; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing on the conviction for endangering the welfare of a child.

The defendant failed to preserve for appellate review his contention that the County Court improperly exercised its discretion in allowing a six-year-old boy to give unsworn testimony regarding sexual abuse by the defendant (*see People v James*, 233 AD2d 903 [1996]). In any event, the court providently exercised its discretion in accepting the six-year-old's unsworn testimony, since the child stated that he understood what it meant to tell the truth, and he possessed "sufficient intelligence and capacity to justify the reception" of the unsworn

testimony (CPL 60.20 [2]; *see People v Mendoza*, 49 AD3d 559, 560 [2008]). Moreover, the defendant was not convicted solely upon the boy's unsworn testimony (*see* CPL 60.20 [3]). Three witnesses testified that the boy told them the same story that the boy told the County Court, and the defendant signed a written confession.

The defendant's contention that the evidence was legally insufficient to support the verdict is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The People correctly concede that the defendant's sentence of 90 days in jail and six years of probation on his conviction of the crime of endangering the welfare of a child is illegal (*see* Penal Law § 60.01 [2] [d]; § 65.00 [3]). We, therefore, must vacate that sentence, and remit the matter to the County Court, Suffolk County, for resentencing on that conviction.

We note that since this appeal was taken only from the judgment of conviction, and not from the determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C), we are without authority to review the defendant's final contention that he should have been adjudicated a level one sex offender instead of a level two sex offender. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.