■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SAHADEO, Appellant. [34 NYS3d 139]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopez, J.), rendered July 10, 2014, convicting him of predatory sexual assault against a child, incest in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was arrested on less than probable cause and that his statements to law enforcement officials and any other evidence obtained as a result of his arrest should have been suppressed. Where, as here, an identified citizen accuses another individual of a specific crime, the police possess probable cause to arrest (*see People v Mendoza*, 49 AD3d 559, 560 [2008]). Moreover, as the evidence presented at the suppression hearing established that the police were invited into the home shared by the defendant, the complainant, and the complainant's parents without any threats or coercion, we reject the defendant's contention that any evidence obtained as a result of his arrest should have been suppressed as the result of a warrantless arrest in his home in violation of *Payton v New York* (445 US 573 [1980]).

The evidence at the suppression hearing also established that the defendant voluntarily permitted the police to swab his cheek for the purpose of obtaining his DNA for testing purposes and, thus, the Supreme Court properly admitted into evidence the DNA test results based thereon (*see People v Dallas*, 119 AD3d 1362, 1363 [2014]). We reject the defendant's contention that his consent to the swab was negated by his intoxication at the time he volunteered to have the swab taken (*cf. People v Shields*, 295 AD2d 374 [2002]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court providently exercised its discretion in determining that the complainant, who was eight years old at the time of the trial, was competent to give sworn testimony (*see* CPL 60.20 [2]; *People v Morales*, 80 NY2d 450, 453 [1992]; *People v Mendoza*, 49 AD3d at 560). The examination of the child revealed that she knew the difference between telling the truth and telling a lie, knew the meaning of an oath, understood that she could be punished if she lied, promised to tell the truth, and had the ability to recall and relate prior events (*see People v Morales*, 80 NY2d at 453; *People v Stalter*, 77 AD3d 776 [2010]; *People v Mendoza*, 49 AD3d at 560; *People v McIver*, 15 AD3d 677, 678 [2005]).

Finally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]), and the fact that the sentence imposed after trial was greater than that offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (*see People v Hernandez*, 88 AD3d 907 [2011]). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.