■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO VASQUEZ, Appellant. [35 NYS3d 162]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered January 10, 2014, convicting him of criminal sexual act in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court providently exercised its discretion in determining that the eight-year-old complainant was competent

to give sworn testimony (*see* CPL 60.20 [2]; *People v Morales*, 80 NY2d 450, 453 [1992]; *People v Mendoza*, 49 AD3d 559, 560 [2008]). The examination of the child revealed that she knew the difference between telling the truth and telling a lie, knew the meaning of an oath, understood that she could be punished if she lied, promised to tell the truth, and had the ability to recall and relate prior events (*see People v Morales*, 80 NY2d at 453; *People v Stalter*, 77 AD3d 776 [2010]; *People v Mendoza*, 49 AD3d at 560; *People v McIver*, 15 AD3d 677, 678 [2005]). The defendant's contention that the court improvidently exercised its discretion in permitting the complainant's seven-year-old sibling to testify as an unsworn witness is unpreserved for appellate review and, in any event, without merit (*see* CPL 60.20 [2]; *People v Rivers*, 149 AD2d 544, 544-545 [1989]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Hall, Barros and Connolly, JJ., concur.