People v Hines (2018 NY Slip Op 01616)





People v Hines


2018 NY Slip Op 01616


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2011-03918
 (Ind. No. 7934/09)

[*1]The People of the State of New York, respondent,
v
Thomas Hines, appellant.


Law Office of Stephen N. Preziosi P.C., New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered April 20, 2011, convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the verdict of guilty was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the defendant's convictions were not against the weight of the evidence.
The defendant's contention that the counts of criminal possession of a weapon in the second degree were multiplicitous is unpreserved for appellate review (see CPL 470.05[2]; People v Bonilla, 151 AD3d 735, 737; People v Wall, 92 AD3d 812, 813) and, in any event, without merit (see People v Saunders, 290 AD2d 461, 463).
By affirmatively agreeing to reorder the first two counts of the indictment on the verdict sheet, the defendant waived his right to challenge the same (see People v Richardson, 88 NY2d 1049, 1051; People v McCoy, 100 AD3d 1422, 1423). The defendant's additional contention that the Supreme Court improvidently exercised its discretion in failing to submit those two counts in the alternative is unpreserved for appellate review (see CPL 470.05[2]; People v Carter, 7 NY3d 875, 876), and, in any event, without merit as the indictment did not charge the first two counts in the alternative.
The defendant's objection to the Supreme Court's taking of the sworn testimony of a particular witness who may have had a mental defect is unpreserved for appellate review (see CPL [*2]470.05[2]; People v Thompson, 119 AD3d 966, 967; People v Batista, 92 AD3d 793; People v Gillard, 7 AD3d 540, 541). In any event, the witness's sworn testimony was properly admitted after a sufficient inquiry by the court in which the witness sufficiently established that he understood the nature of an oath, the difference between the truth and a lie, and that he could be punished for lying to the court (see CPL 60.20[2]; Wheeler v United States, 159 US 523, 524-525; People v Parks, 41 NY2d 36, 45; Matter of David S., 6 AD3d 539, 540; People v Brill, 245 AD2d 384, 385). Furthermore, on this record, the witness could properly have been permitted to testify as an unsworn witness (see CPL 60.20[2]), because his testimony was sufficiently corroborated by other evidence (see People v Groff, 71 NY2d 101, 109-110; People v Schnoor, 95 AD3d 1144, 1144-1145; People v Mendoza, 49 AD3d 559, 560). Thus, even if permitting the witness to testify under oath had constituted error, it would not require reversal (see People v Mendoza, 49 AD3d at 560; People v McIver, 15 AD3d 677, 678; People v Morey, 224 AD2d 730, 731-732).
The defendant's contention that he received ineffective assistance of counsel is without merit (see People v Baldi, 54 NY2d 137, 147).
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court