People v Bello (2021 NY Slip Op 05348)





People v Bello


2021 NY Slip Op 05348


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-04831
 (Ind. No. 7484/14)

[*1]The People of the State of New York, respondent,
v
Miguel Bello, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel) for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn LaPorte, J.), rendered April 17, 2017, convicting him of murder in the second degree, manslaughter in the first degree, and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, his statements to law enforcement officials, and identification testimony.
ORDERED that the judgment is affirmed.
There is no merit to the defendant's contention that he was arrested on less than probable cause and that his recorded statement to law enforcement officials, and any other evidence obtained as a result of his arrest, should have been suppressed. Where, as here, an identified citizen accuses another individual of a specific crime, the police possess probable cause to arrest (see People v Sahadeo, 140 AD3d 1093; People v Mendoza, 49 AD3d 559, 560).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
In light of our determination, we need not reach the People's remaining contentions.
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court