People v Acevedo-Lopez (2021 NY Slip Op 06853)





People v Acevedo-Lopez


2021 NY Slip Op 06853


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-01351
 (Ind. No. 16-00190)

[*1]The People of the State of New York, respondent,
v
Luiz Acevedo-Lopez, appellant.


James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel; Yehuda Poll on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered May 15, 2017, convicting him of predatory sexual assault against a child, rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 22 years to life on the conviction of predatory sexual assault against a child and determinate terms of imprisonment of 22 years plus 20 years of postrelease supervision on the convictions of rape in the first degree and criminal sexual act in the first degree, with those three sentences to run concurrently with each other, determinate terms of imprisonment of 7 years plus 10 years of postrelease supervision on each of the convictions of sexual abuse in the first degree, with those sentences to run consecutively to each other and to the sentences imposed on the convictions of predatory sexual assault against a child, rape in the first degree, and criminal sexual act in the first degree, and a definite term of imprisonment of 1 year on the conviction of endangering the welfare of a child, to run concurrently with the sentences imposed upon the other convictions.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of predatory sexual assault against a child from an indeterminate term of imprisonment of 22 years to life to an indeterminate term of imprisonment of 20 years to life, by reducing the sentences imposed on the convictions of rape in the first degree and criminal sexual act in the first degree from determinate terms of imprisonment of 22 years plus 20 years of postrelease supervision to determinate terms of imprisonment of 20 years plus 20 years of postrelease supervision, and by providing that all the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see [*2]People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court providently exercised its discretion in accepting the unsworn testimony of the then six-year-old complainant, as the record demonstrated that the complainant possessed "sufficient intelligence and capacity to justify the reception" of the unsworn testimony (CPL 60.20[2]; see People v Lane, 160 AD3d 1363, 1364; People v Schnoor, 95 AD3d 1144, 1144-1145). Moreover, the defendant's admissions and the complainant's unsworn testimony cross-corroborated each other (see People v Coleman, 42 NY2d 500, 506; People v Lane, 160 AD3d at 1364; People v Mendoza, 49 AD3d 559, 560).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., HINDS-RADIX, MILLER and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court