■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME M. DOWLING, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS C. QUIGLEY, Appellant.— Judgments, Supreme Court, Bronx County, each rendered June 27, 1972, convicting the defendants, after a jury trial, of conspiracy in the second degree, are unanimously modified, on the law, by reducing the degree of crime, conspiracy in the second degree, to conspiracy in the third degree, and by remitting the matter for resentencing, and, as thus modified, judgments are affirmed. Defendants-appellants, members of the New York City Police Force, were indicted, together with another, for the crime of conspiracy in the second degree, (Penal Law, § 105.10) grand larceny in the first degree (extortion), bribe receiving, receiving reward for official misconduct and official misconduct. At the trial, the latter two counts on official misconduct were removed from jury consideration. The jury acquitted on the charges of grand larceny and bribe receiving, but convicted on the charge of conspiracy in the second degree. Section 105.10 reads as follows: " A person is guilty of conspiracy in the second degree when, with intent that conduct constituting a class B or class C felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct." While it is possible to have a conviction of conspiracy even though the defendants are found not guilty of the substantive crimes contemplated (*People* v. *Epton,* 19 N Y 2d 496, 507–508, cert. den. 390 U. S. 29; cf. Penal Law, § 40.10, subd. 4) for this conviction to stand, it must be clear as to whether the predicate intended felony conforms to the statute. A conspiracy was charged here to commit both grand larceny in the first degree by extortion, a class C felony, which satisfies the requirement, and bribe receiving, a class D felony, which is surplusage that does not satisfy the requirement, all in one count. As the Trial Judge indicated, there could not be a conviction of conspiracy in the second degree based on the allegation

with respect to the bribe receiving. While the Trial Judge endeavored in his charge to limit the situation to the predicate class C felony of grand larceny by extortion, the situation was confusing. Under the circumstances, it is preferable pursuant to CPL 470.15 (subd. 2, par. [a]), 470.20 (subd. 4) to apply the provisions of section 105.05 of the Penal Law as the evidence was legally sufficient to establish the guilt of the defendants of conspiracy in the third degree. This court has the authority, which is hereby exercised, to so modify the judgment by reducing the crime of which defendants are convicted, to conspiracy in the third degree, and accordingly to remit the matter for resentencing. (See *People* v. *Freeman*, 41 A D 2d 811; *People* v. *Iglesias*, 40 A D 2d 778.) Concur — Nunez, J. P., Kupferman, Lane, Capozzoli and Macken, JJ.