Memorandum. Appellants’ convictions for conspiracy in the third degree must be affirmed. The motion to dismiss the *915 defective indictment of which they complain was not "made prior to * * * commencement of trial” and so the lower courts acted within their discretion in refusing to consider it (CPL 210.20; subd 2). Moreover, while the indictment did specify as underlying counts to the conspiracy charge not only grand larceny by extortion (a class C felony), but also bribery (class D) and two minor charges of official misconduct dismissed by the court (see CPL 200.30), the actual charge to the jury, which consumed some two hundred pages of the record, made very clear that the conspiracy count related only to the conspiracy to commit grand larceny by extortion. Thus the record would appear to support even the verdict of conspiracy in the second degree returned by the jury.
Furthermore, the Appellate Division’s modification to conspiracy in the third degree was within its discretion. CPL 470.15 authorizes that court to make such modifications i; situations which "include, but are not limited to” the conditions listed therein. (See People v Graham, 36 NY2d 633, 640.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Orders affirmed, in a memorandum.