■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HEIN-SOHN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered March 9, 1982, convicting him of manslaughter in the second degree (two counts), reckless driving, speeding, and driving an unregistered motor vehicle, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for reckless driving, vacating the sentence imposed thereon and dismissing said count. As so modified, judgment affirmed and case remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (subd 5). The evidence revealed that, on the evening of May 8, 1981, the defendant was driving an unregistered vehicle in the right southbound lane of Richmond Avenue in Staten Island. Traveling some 14 miles per hour over the posted speed limit, he changed to the left southbound lane and began tailgating a van in front of him. Thereafter, in an apparent attempt to pass the van, the defendant suddenly pulled out to the left, crossing the line dividing the southbound and northbound lanes. In doing so, he drove onto a safety island located at the next intersection. His vehicle struck and killed two pedestrians who were standing on the island. Testifying in his own behalf, the defendant conceded that he was generally familiar with the area in which the incident occurred. On appeal, the defendant contends that it was error for the court to instruct the jurors, in answer to their inquiry, that a conviction for manslaughter in the second degree did not require a finding that the defendant had actually been aware that there were people on the safety island. Under the circumstances at bar, the court's instruction was correct. Had the defendant driven onto the safety island knowing that there were pedestrians thereon, he might well have been guilty of an intentional crime. Here, however, the defendant was charged with manslaughter in the second degree and therefore with having acted recklessly. Thus, the issue at trial was whether the defendant had caused death by consciously disregarding a substantial and unjustifiable risk of which he was aware (see Penal Law, § 15.05, subd 3). The jury was properly permitted to conclude that when the defendant, knowing that there was a safety island ahead, pulled out from behind the van, leaving the traffic lanes and crossing the dividing line, he consciously disregarded the substantial risk that pedestrians would be standing on the island. Accordingly, his reckless conduct, which resulted in the death of two pedestrians, was properly found to constitute the crime of manslaughter in the second degree. With respect to the defendant's remaining challenges to the court's instructions, we note that no appropriate exceptions were taken to the charge as given, and therefore the defendant's present contentions have not been preserved for appellate review (see, e.g., People v Lipton, 54 NY2d 340, 341; People v Thomas, 50 NY2d 467). Moreover, we find that the charge, when read as a whole, adequately informed the jury of the principles of law governing the case (see People v Green, 50 NY2d 891). Finally, as the People concede, the verdict of guilt on the charges of manslaughter in the second degree requires dismissal of the lesser inclusory concurrent count of reckless driving (see, e.g., People v Lee, 39 NY2d 388, 390). We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lazer and Mangano, JJ., concur.

Brown, J., concurs in part and dissents in part, with the following memorandum. In my opinion, the People have failed to sustain their burden of proving, beyond a reasonable doubt, defendant's guilt of the crime of manslaughter in the second degree. Subdivision 1 of section 125.15 of the Penal Law provides that a person is guilty of manslaughter in the second degree (as pertinent to the charges herein) when he recklessly causes the death of another. "A person

acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is *aware of and consciously disregards* a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law, § 15.05, subd 3; emphasis added). The risk under the facts of the case at bar was that defendant's conduct of swerving out and attempting to pass to the left of the van in front of him while driving at an excessive rate of speed could result in the death of another. It is in this context that, in order to establish defendant's guilt of the crime of manslaughter in the second degree, the People were required to establish beyond a reasonable doubt that he possessed the necessary culpable mental state — that he was *aware of and consciously disregarded* a substantial and unjustifiable risk that his action might cause the death of another (see *People v Montanez,* 41 NY2d 53). The only evidence as to the defendant's mental state at the time of the incident was his testimony that he was generally familiar with the area in which the accident occurred. In my view, this evidence was, without more, insufficient from which to infer that defendant was *aware of and consciously disregarded* the existence of the safety zone and the possibility that there might be pedestrians standing at that location when he blindly attempted to pass the vehicle in front of him. While I am satisfied that this evidence is sufficient to sustain a conviction for the crime of criminally negligent homicide — that is to say that defendant *failed to perceive* a substantial and unjustifiable risk that his actions might cause the death of another (*People v Montanez, supra; People v Haney,* 30 NY2d 328; Penal Law, § 15.05, subd 4; § 125.10) — I am unable to conclude on this record that the defendant possessed the necessary culpable mental state to have committed the crime of manslaughter in the second degree. Accordingly, I would reduce the convictions for manslaughter in the second degree to criminally negligent homicide and remit the matter to Criminal Term for resentencing (CPL 470.15, subd 2, par [a]; see *People v Dowling,* 42 AD2d 958, affd 37 NY2d 913). In all other respects, I concur in the majority's modification.