■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRILL POLIAKOV, Appellant.—Judgment of the Supreme Court, New York County (Daniel FitzGerald, J.), rendered September 11, 1989, convicting defendant, after a jury trial, of two counts of manslaughter in the second degree, one count of reckless endangerment in the first degree, and two counts of leaving the scene of an accident without reporting, and sentencing defendant to concurrent, indeterminate terms of imprisonment of 5 to 15 years (two counts), 2⅓ to 7 years, and 1⅓ to 4 years (two counts), respectively, unanimously affirmed.

Defendant's criminal liability for the motor vehicle accident that caused the death of two pedestrians was established

beyond a reasonable doubt. Defendant's conduct constituted a "gross deviation" from the standards that a reasonable person would have followed in the circumstances presented (Penal Law § 15.05 [3]; § 125.15 [1]). The evidence at trial showed that defendant, at night on a wet roadway, drove at an excessive speed, changing lanes rapidly. Though warned by an angry taxi driver that his misconduct could lead to a fatal accident, defendant "peeled away" from a red light. Defendant's flight from the accident, the wrong way on a one-way street, was further evidence that defendant's conduct was reckless, and not merely the result of carelessness, lack of skill or foresight.

The court properly denied defendant's motion to suppress identification testimony. Although the witness was told that another witness had selected either someone else or the wrong person from a photographic array, more than 3½ months elapsed between that occurrence and the lineup. (*People v Rodriguez,* 64 NY2d 738, 740-741.)

Further, testimony by police officers that the witness had given a detailed description was properly admitted at trial. The details of the witness's description were probative in their own right *(People v Huertas,* 75 NY2d 487), and were admissible to rebut defendant's claim at trial that the identification testimony was fabricated. *(Cf., People v McClean,* 69 NY2d 426).

The introduction of evidence of the victims' background was harmless error. *(Cf., People v Miller,* 6 NY2d 152.)* We also find no merit to defendant's claim that the prosecutor's summation deprived defendant of a fair trial or that the court abused its discretion in sentencing. We have examined defendant's remaining contentions and find them lacking in merit. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.