◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM JAMES, Appellant. [612 NYS2d 910] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered April 13, 1992, convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of three years to life imprisonment for the conviction of criminal sale of a controlled substance in the second degree, and one to three years imprisonment for the conviction of criminal possession of a controlled substance in the third degree, such terms to run concurrently with each other, and indeterminate terms of 15 years to life imprisonment for the conviction of criminal sale of a controlled substance in the first degree and three years to life imprisonment for the conviction of criminal possession of a controlled substance in the second degree, such terms to run concurrently with each other but consecutively to the terms of imprisonment imposed on the other convictions.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof directing that the terms of imprisonment for criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree shall be served concurrently with each other but consecutively to the terms of imprisonment imposed on the other convictions, and substituting therefor a provision that all terms of imprisonment shall run concurrently to each other; as so modified, the judgment is affirmed.

The facts adduced at trial raised three potential defenses— entrapment, duress, and agency. The Supreme Court properly denied the request to charge duress on the ground that the defendant had only testified to some implied threats. The

entrapment defense was charged. Although defense counsel neither requested an agency charge nor objected to the court's failure to so charge, the defendant asks that we now exercise our interest of justice jurisdiction and remit this case for a new trial for failure to charge the agency defense *(see,* CPL 470.15 [3] [c]; [6] [a]). Under the circumstances of this case, we decline to so exercise our interest of justice jurisdiction *(cf., People v Oliver,* 99 AD2d 789). Had an agency charge been requested, the facts in this case would have warranted the giving of such a charge *(see, People v Roche,* 45 NY2d 78, *cert denied* 439 US 958; *but see, People v Herring,* 83 NY2d 780). However, on the basis of the record before us, we cannot say that the failure to request an agency charge was not a tactical decision.

The sentence imposed is excessive to the extent indicated. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.