■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILFREDO WILLIAMS, Respondent. [677 NYS2d 366] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Minardo, J.), dated July 2, 1997, as granted that branch of the defendant's omnibus motion which was to dismiss the first count of Indictment No. 1319/97, charging him with the crime of manslaughter in the second degree.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the first count of Indictment No. 1319/97 charging him with manslaughter in the second degree is denied, that count of the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The evidence adduced at the Grand Jury established that in the early morning hours of February 2, 1997, the defendant and a group of others left a restaurant located at 643 Franklin Avenue where they had been socializing. The defendant walked to his car which was parked further up on Franklin Avenue, a one-way street. The defendant entered his car and drove in reverse, i.e., the wrong way, at a speed of approximately 45 miles per hour for a distance of approximately 200 feet toward the group of people he had just left at the restaurant. The defendant's car swerved from one side of the street to another and hit the victim, causing her to suffer fatal injuries.

Contrary to the Supreme Court's determination, the People presented a prima facie case (*see, People v Galatro,* 84 NY2d 160, 163), of manslaughter in the second degree in that they established that the defendant "recklessly caused the death of another" (Penal Law § 125.15 [1]), i.e., the defendant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk" (Penal Law § 15.05 [3]; *see, People v Heinsohn,* 92 AD2d 574, *affd* 61 NY2d 855).

Accordingly, the order must be reversed insofar as appealed from, and the count of the indictment charging the defendant with manslaughter in the second degree reinstated. Mangano, P. J., Copertino, Joy and Florio, JJ., concur.