◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRIFFITH WOLZ, Appellant. [752 NYS2d 382] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered August 31, 2001, convicting him of manslaughter in the second degree, assault in the second degree, reckless endangerment in the first degree, speeding, failing to stay in lane, driving on the shoulder, and drinking an alcoholic beverage in a motor vehicle, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620; *see also People v Taylor,* 94 NY2d 910, 911-912), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree (*see People v Boutin,* 75 NY2d 692; *People v Heinsohn,* 61 NY2d 855; *People v Miller,* 286 AD2d 981; *People v Williams,* 253 AD2d 445; *People v Jones,* 198 AD2d 436; *People v Poliakov,* 167 AD2d 115, 116), assault in the second degree (*see People v Coleman,* 195 AD2d 475), and reckless endangerment in the first degree (*see People v Gomez,* 65 NY2d 9; *People v Walker,* 258 AD2d 541; *People v Cordero,* 177 AD2d 499; *People v Ruiz,* 159 AD2d 656) beyond a reasonable doubt. The defendant was driving at an excessive rate of speed, weaving in and around other vehicles, and drove onto the shoulder of the road before losing control of his car and crossing the median into the opposing lane of traffic where his vehicle spun around and stopped, causing the death of one motorcyclist and serious injuries to another.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Defense counsel's tactical maneuvers do not, by themselves, establish a claim of ineffective assistance of counsel (*see People v Benn,* 68 NY2d 941, 942; *People v Baldi,* 54 NY2d 137; *People v James,* 203 AD2d 384, 385; *People v Hinds,* 183 AD2d 848). Counsel's failure to request that the court instruct the jury as to a lesser-included offense should not be considered ineffective assistance (*see People v Gavin,* 224 AD2d 223; *People v Drummond,* 188 AD2d 312; *People v Vargas,* 150 AD2d 513). Viewing counsel's representation as a whole, it satisfied the stand-

ard of effective assistance (*see People v Mejias,* 278 AD2d 249; *People v Grieco,* 262 AD2d 656; *People v Groonell,* 256 AD2d 356, 357; *People v McGuire,* 205 AD2d 805).

The defendant's remaining contentions are without merit. Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.