■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL KANIOS, Appellant. [861 NYS2d 139]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered October 25, 2005, convicting him of manslaughter in the second degree and felony leaving the scene without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt (*see People v Jenneman*, 37 AD3d 736, 737 [2007]; *People v Henrius*, 6 AD3d 548 [2004]; *People v Wolz*, 300 AD2d 606 [2002]; *People v Miller*, 286 AD2d 981 [2001]; *People v Poliakov*, 167 AD2d 115, 116 [1990]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to the prosecutor's summation is unpreserved for appellate review since the defendant made only general objections, failed to request curative instructions, and did not timely move for a mistrial on the ground that any remarks were improper (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, the comments alleged to be prejudicial

were all either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), or responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]). The prosecutor's summation comment about the defendant's departure from the scene of the crime did not impermissibly shift the burden of proof (*see People v Moore*, 29 AD3d 825 [2006]). Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.