THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RAMIREZ, Appellant. [7 NYS3d 190]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered June 17, 2011, convicting him of predatory sexual assault against a child (two counts), criminal sexual act in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court deprived him of his constitutional right to confront adverse witnesses by, in effect, improperly curtailing or otherwise restricting his attorney's cross-examination of the child complainant and of the nurse who performed the sexual assault examination. In general, "curtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony" (*People v Ashner*, 190 AD2d 238, 247 [1993]). The record makes clear that the defendant had ample opportunity to cross-examine both the child complainant and the nurse. To the extent that there was any curtailment or restriction of his cross-examination of these witnesses, the County Court's rulings were proper in all respects (*see People v Castellanos*, 65 AD3d 555, 557 [2009]; *People v Ashner*, 190 AD2d 238, 247 [1993]).

Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion by allowing a doctor who examined the child complainant two weeks after the incident to testify that the lack of physical findings during her examination was consistent with the child complainant's allegations (*see People v Mendoza*, 49 AD3d 559, 561 [2008]; *People v Heer*, 12 AD3d 1154, 1155 [2004]; *People v Dosti*, 11 AD3d 253 [2004]; *People v Shelton*, 307 AD2d 370, 371 [2003], *affd* 1 NY3d 614 [2004]; *People v Barber*, 299 AD2d 893, 894 [2002]). Furthermore, the testimony elicited from this doctor

did not impermissibly bolster the testimony of the child complainant or that of the nurse who performed the sexual assault examination shortly after the incident (*see People v Figueroa*, 153 AD2d 576, 584-585 [1989]; *see generally People v Buie*, 86 NY2d 501, 509-510 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Leventhal, J.P., Hall, Austin and Maltese, JJ., concur.