People v Young (2020 NY Slip Op 00181)





People v Young


2020 NY Slip Op 00181


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

109559

[*1]The People of the State of New York, Respondent,
v
Quayvon Young, Appellant.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Craig S. Leeds, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Pritzker, J.
Appeal, by permission, from an order of the Supreme Court (Breslin, J.), entered June 26, 2017 in Albany County, which denied defendant's motion pursuant to CPL 440.20 to vacate his sentence following his conviction of attempted robbery in the second degree, without a hearing.
Defendant was one of five individuals indicted and charged following an attack upon two women in the City of Albany, during the course of which property was forcibly taken from the victims. In full satisfaction of that indictment, defendant pleaded guilty to the reduced charge of attempted robbery in the second degree with the understanding that he would be sentenced to a prison term of no more than six years followed by three years of postrelease supervision. Although it was acknowledged during the plea colloquy and at sentencing that defendant was eligible for youthful offender treatment, Supreme Court declined to adjudicate defendant a youthful offender and sentenced him to a prison term of six years followed by the contemplated period of postrelease supervision. Upon defendant's direct appeal, this Court affirmed the judgment of conviction and granted counsel's application to be relieved of his assignment, finding that there were no nonfrivolous issues to be raised upon appeal (94 AD3d 1291 [2012], lv denied 19 NY3d 1030 [2012]).
Defendant thereafter moved to withdraw his plea based upon, among other things, Supreme Court's failure to accord him youthful offender treatment and delineate the reasons for the denial thereof. Supreme Court treated the motion as one to vacate the judgment of conviction pursuant to CPL 440.10 and denied the motion without a hearing. Defendant's subsequent motion to vacate the judgment of conviction based upon the alleged ineffective assistance of counsel was equally unsuccessful. Defendant then moved to set aside the previously-imposed sentence pursuant to CPL 440.20 — contending that Supreme Court failed to determine whether he was eligible for youthful offender treatment in the first instance and, further, abused its discretion in failing to adjudicate defendant a youthful offender. Supreme Court denied defendant's motion without a hearing, and defendant appeals, by permission, from the resulting order.
We affirm. Defendant's present claims — that Supreme Court failed to comply with the procedures set forth in CPL 720.10 and 720.20 and abused its discretion in failing to adjudicate defendant a youthful offender — are based upon facts appearing on the face of the record; as such claims could have been pursued upon defendant's direct appeal, CPL article 440 relief is unwarranted (see People v Ferguson, 119 AD2d 338, 342-343 [1986], lv denied 69 NY2d 711 [1986]). In any event, although CPL 440.20 (1) permits a court to "set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law," defendant has failed to make such a showing here. The sentence imposed was within the permissible statutory range (see Penal Law §§ 70.02 [1] [c]; [3] [c]; 110.00; 160.10 [2] [a]), and, contrary to defendant's assertion, Supreme Court did not shirk its obligation to determine whether defendant was an eligible youth within the meaning of CPL 720.10, nor did the court fail to consider whether according defendant youthful offender treatment under CPL 720.20 was appropriate under the circumstances. Supreme Court expressly acknowledged that defendant was eligible for youthful offender treatment and thereafter declined to make such an adjudication. Even assuming, without deciding, that Supreme Court should have delineated its reasons for declining to treat defendant as a youthful offender, the court's failure to do so does not render the sentence ultimately imposed unauthorized, illegal or otherwise invalid as a matter of law. Accordingly, Supreme Court properly denied defendant's motion to vacate the sentence without a hearing.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed.