People v Burns (2020 NY Slip Op 02933)





People v Burns


2020 NY Slip Op 02933


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-07955
 (Ind. No. 896/16)

[*1]The People of the State of New York, respondent,
v
Deborah Burns, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered June 15, 2017, convicting her of manslaughter in the second degree (three counts) and assault in the second degree (two counts), upon a jury verdict, and sentencing her to concurrent, indeterminate terms of imprisonment of 5 to 15 years on each manslaughter conviction, to run consecutively to concurrent, determinate terms of imprisonment of 7 years on each assault conviction, to be followed by a period of 3 years of post-release supervision on the assault convictions.
ORDERED that the judgment is modified, on the law, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant's contention that her convictions are not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096, 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Kanios, 53 AD3d 555, 555; People v Wolz, 300 AD2d 606, 606). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 645-646).
The defendant waived any objection to the admission into evidence of a family photograph of the deceased victims and the report generated from data extracted from the "black box" of her vehicle by consenting to their admission at trial (see People v Williams, 168 AD3d 770, 770; People v Katehis, 117 AD3d 1080, 1081).
The defendant's contention that she received ineffective assistance of counsel is without merit as the record shows that defense counsel provided the defendant with meaningful representation (see People v Orlando, 61 AD3d 1001, 1002; see also People v Katehis, 117 AD3d at 1081).
The defendant's contention that the prosecutor committed misconduct by questioning the witnesses about the background of the victims' family is unpreserved for appellate review because the defendant did not object to these remarks or questions (see People v Davis, 132 AD3d 891, 892). In any event, the testimony complained of did not deprive the defendant of a fair trial (see People v Cherry, 163 AD3d 706, 707).
The defendant's contention that she was deprived of her right to a fair trial due to improper remarks made by the prosecutor during his summation is unpreserved for appellate review, as the defense counsel did not object to some of the challenged remarks and made only general objections to the others (see CPL 470.05[2]; People v Mais, 133 AD3d 687, 688-689). In any event, the majority of the prosecutor's comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, or fair response to the arguments made by defense counsel in summation (see People v JeanCharles, 173 AD3d 902, 902; see also People v Gurdon, 153 AD3d 1430, 1431). Although the prosecutor's comments about the effect the deceased victims' deaths had on their family were improper, as the comments were designed to evoke the jury's sympathy, any prejudice was alleviated by the Supreme Court's instruction, during its final charge, that the jury may not consider sympathy (see People v Esguerra, 178 AD3d 722, 725; People v Melendez, 11 AD3d 983, 983), and did not deprive the defendant of a fair trial (see People v Cherry, 163 AD3d at 707).
However, as the People concede, the Supreme Court should have imposed concurrent sentences on the convictions of assault in the second degree and the convictions of manslaughter in the second degree (see People v Laureano, 87 NY2d 640, 645). The offenses of manslaughter in the second degree and assault in the second degree arose out of the same operative facts—the defendant's act of recklessly driving her car into the other vehicle. Accordingly, we modify the judgment to make the sentences concurrent to each other (see Penal Law § 70.25[2]; People v Brahney, 29 NY3d 10, 14; People v Michel, 144 AD3d 948, 949).
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court