People v Green-Faulkner (2020 NY Slip Op 07395)





People v Green-Faulkner


2020 NY Slip Op 07395


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-07119
 (Ind. No. 916/15)

[*1]The People of the State of New York, respondent,
v
Tony Green-Faulkner, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel),
for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered June 2, 2016, convicting him of course of sexual conduct against a child in the first degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with two counts of course of sexual conduct against a child in the first degree, among other crimes. The charges were based upon allegations that the defendant sexually abused the two complainants when they were between the ages of 7 and 9 years old, and 6 and 7 years old, respectively. After a trial, the jury convicted the defendant of two counts of course of sexual conduct against a child in the first degree and two counts of endangering the welfare of a child.
The defendant's contention that the evidence was legally insufficient to support his conviction of course of sexual conduct against a child in the first degree under count four of the indictment is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on this count. Contrary to the defendant's contention, the evidence was legally sufficient to establish that he engaged in two or more acts of sexual conduct over a period of at least three months (see Penal Law § 130.75[1][a]; People v Arnold, 107 AD3d 1526, 1527-1528). 
The Supreme Court's charge to the jury concerning the voluntariness of the defendant's statement to the police accurately stated the law, and the court did not improvidently exercise its discretion in declining to give the jury an expanded charge (see People v Santos, 150 AD3d 1270, 1272).
The defendant's contention that the prosecutor made improper remarks during summation is unpreserved for appellate review (see CPLR 470.05[2]; People v Romero, 7 NY3d [*2]911,912). However, certain of the prosecutor's remarks were improper, for example, informing the jury that one of the young victims would not have a fear of being taken away from her home unless the defendant had threatened her, and that the victim testified that the defendant told her that if she reported the abuse she would be taken away from her home. The prosecutor's remarks were not based on trial evidence nor reasonable inferences drawn from the evidence (see People v Bethea, 159 AD3d 710, 712; People v Dixon, 184 AD3d 854, 854). Nonetheless, the errors in the prosecutor's summation were harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error in this regard might have contributed to the convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Bethea, 159 AD3d at 712). Further, the improper summation remarks viewed both separately and cumulatively were not egregious or pervasive enough to have deprived the defendant of a fair trial (see People v Bethea, 159 AD3d at 712).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court