People v Kattau (2021 NY Slip Op 08247)





People v Kattau


2021 NY Slip Op 08247


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-03794
 (Ind. No. 504/16)

[*1]The People of the State of New York, respondent,
v
Robert . Kattau, appellant.


Thomas E. Scott, Amityville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered March 16, 2017, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing (Barbara Kahn, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant allegedly began sexually abusing the complainant in 2012, when she was eight years old, and continued up until early 2016 when the complainant disclosed the abuse to her classmate. The police took a statement from the complainant and, thereafter, conducted a controlled phone call with the complainant and the defendant. Upon his arrest, the defendant waived his Miranda rights (see Miranda v Arizona, 384 US 436) and agreed to speak with the police. After initially denying the allegations, the defendant gave incriminating oral and written statements, claiming that the complainant had initiated the sexual contact. The defendant also handwrote a letter addressed to the complainant. At trial, the complainant testified, as did a nurse practitioner who physically examined the complainant, and the People played an audiotape of the controlled call, which, due to a technical malfunction, had failed to audibly record the complainant's side of the call, with one exception.
The defendant failed to preserve for appellate review his contention that his statements to law enforcement officials should have been suppressed on the ground that the People failed to demonstrate that the police had probable cause to arrest him (see CPL 470.05[2]; People v Rodriguez, 188 AD2d 564, 564; People v Murray, 212 AD2d 738). In any event, the contention is without merit (see People v Mendoza, 49 AD3d 559, 560; People v Jansson, 305 AD2d 942, 943).
The defendant's contention that he was deprived of a fair trial as a result of impermissible hearsay testimony elicited from the complainant's classmate, a police detective, and the nurse practitioner is unpreserved for appellate review (see CPL 470.05[2]). In any event, the classmate's challenged testimony was properly admitted under the prompt outcry exception to the [*2]hearsay rule, and the challenged testimony of the detective was admissible as necessary background information to demonstrate what ultimately led to the defendant's arrest (see People v Mandes, 168 AD3d 764). Contrary to the defendant's contention, the challenged testimony of the nurse practitioner was "germane to diagnosis and treatment" and, therefore, "properly admitted as an exception to the hearsay rule" (People v Spicola, 16 NY3d 441, 451).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial because the detective opined that the complainant was credible (see CPL 470.05[2]). In any event, while this type of testimony was improper (see People v Guay, 18 NY3d 16, 24; People v Allen, 222 AD2d 441, 442), the error was harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that the jury would have acquitted the defendant if the detective had not provided the opinion testimony (see People v Guay, 18 NY3d at 24).
The defendant's contention that the admission into evidence of a CD containing an audio recording of the controlled call violated the best evidence rule and that a transcript of the controlled call provided to the jury was inaccurate is unpreserved for appellate review and, in any event, without merit (see People v Valdiviezo, 162 AD3d 800; People v Lee, 66 AD3d 1116; People v Ward, 107 AD2d 892). The defendant's argument that the CD containing the audio recording should not have been admitted because the audio recording was only partially audible is without merit (see People v McCaw, 137 AD3d 813; People v Griffin, 98 AD3d 688).
There is no merit to the defendant's contention that the detective's testimony as to the statements made by the complainant during the controlled call constituted impermissible hearsay (see People v Smith, 22 NY3d 462, 466; People v Yanez, 180 AD3d 816, 817; see also People v Harris, 19 NY3d 679, 686; People v Griffin, 98 AD3d at 688).
The defendant failed to preserve for appellate review his contention that the testimony of the nurse practitioner that the complainant's normal genital exam "neither supports nor negates the possibility of sexual abuse" was irrelevant, without probative value, and immaterial to the issue of whether he engaged in sex acts, including sexual intercourse, with the complainant (see CPL 470.05[2]). In any event, the testimony was admissible (see People v Ramirez, 126 AD3d 1012; People v Heer, 12 AD3d 1154).
The defendant's contention that the trial court improperly admitted testimony relating to his ownership and use of certain guns is unpreserved for appellate review (see CPL 470.05[2]). In any event, the testimony was properly admitted as probative of the complainant's state of mind and on the issue of delayed outcry (see People v Mendez, 178 AD3d 734), and its probative value outweighed any possible prejudice to the defendant.
The defendant's contention that he was deprived of a fair trial as a result of the prosecutor's misconduct during juror voir dire, the opening statement, and on summation is for the most part unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Johnson, 159 AD3d 833; People v Hawley, 112 AD3d 968; People v Rogers, 92 AD3d 903).
The defendant failed to demonstrate that he was denied the effective assistance of counsel. Trial counsel cannot be deemed ineffective for failing to make an objection or motion that would have little chance of success (see People v Caban, 5 NY3d 143, 152; People v Bell, 188 AD3d 904, 906-907). The defendant otherwise failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (People v Rivera, 71 NY2d 705, 709; see People v Caban, 5 NY3d at 152).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court