People v Broderick (2021 NY Slip Op 05975)





People v Broderick


2021 NY Slip Op 05975


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2017-11467
 (Ind. No. 150/16)

[*1]The People of the State of New York, respondent,
v
Andre Broderick, appellant.


Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered October 5, 2017, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted and charged with, inter alia, one count of course of sexual conduct against a child in the first degree based upon allegations that he engaged in sexual conduct with his step-daughter during a period of time between January 12, 2015, and January 1, 2016, exceeding three months, when the child was 10 years old. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of course of sexual conduct against a child in the first degree beyond a reasonable doubt (see People v Green-Faulkner, 189 AD3d 1070, 1071; People v Horton, 173 AD3d 1338, 1340; People v Cooper, 151 AD3d 1831, 1831). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to course of sexual conduct against a child in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is largely unpreserved for appellate review, as the defendant either failed to object or made only general objections, and failed to request curative instructions, and the comments now complained of were not the basis for the defendant's motion for a mistrial (see CPL 470.05[2]; People v Ogilvie, 197 AD3d 730, 731; People v Lominy, 176 AD3d 741, 742; People v Willis, 165 AD3d 984, 985). In any event, the defendant's contention is without merit, as the remarks were a fair response to the defense summation and the defendant's attack on the [*2]credibility of the witnesses, or otherwise do not warrant reversal (see People v Green-Faulkner, 189 AD3d at 1072; People v Lominy, 176 AD3d at 742; People v Carter, 152 AD3d 786; People v Ross, 112 AD3d 972, 973).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court