People v Mendez (2023 NY Slip Op 00884)

People v Mendez

2023 NY Slip Op 00884

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-01147
 (Ind. No. 52/18)

[*1]The People of the State of New York, respondent,
v
Jairon Javier Gregorio Mendez, appellant.

Arza R. Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered December 19, 2018, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 20 years on the conviction of course of sexual conduct against a child in the first degree, to run concurrently with a definite term of imprisonment of 1 year on the conviction of endangering the welfare of a child.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of course of sexual conduct against a child in the first degree from a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 20 years to a determinate term imprisonment of 11 years, to be followed by a period of postrelease supervision of 6 years; as so modified, the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child based upon evidence that he engaged in sexual conduct with his sister, who was under 11 years old, in the period of time between the fall of 2015, and December 18, 2017.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Broderick, 199 AD3d 696, 697; People v Green-Faulkner, 189 AD3d 1070, 1071). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions that he was deprived of a fair trial as a result of impermissible hearsay testimony elicited from the defendant's girlfriend, a police investigator, and [*2]a physician who examined the complainant, are without merit. The girlfriend's challenged testimony was properly admitted under the prompt outcry exception to the hearsay rule (see People v Kattau, 192 AD3d 910, 911), the challenged testimony of the police investigator was admissible as necessary background information to demonstrate what ultimately led to the defendant's arrest (see People v Ludwig, 24 NY3d 221, 231-232; People v Mandes, 168 AD3d 764, 765), and the challenged testimony of the physician was "'germane to diagnosis and treatment' and, therefore, 'properly admitted as an exception to the hearsay rule'" (People v Kattau, 192 AD3d at 911, quoting People v Spicola, 16 NY3d 441, 451). Contrary to the defendant's contention, the prompt outcry evidence only included the allowable level of detail (see People v McDaniel, 81 NY2d 10, 18; People v Gross, 172 AD3d 741, 744).
The physician's testimony that the complainant had a "normal physical exam" was consistent with the complainant's allegations of sexual conduct, and was admissible (see People v Kattau, 192 AD3d at 911; People v Ramirez, 126 AD3d 1012, 1012) to establish that she could have suffered a course of sexual conduct in the first degree without suffering long-term physical manifestations (see People v Menendez, 50 AD3d 1061, 1062; People v Smith, 48 AD3d 298, 299).
The County Court providently exercised its discretion in declining to grant the defendant youthful offender status upon consideration of the relevant factors (see CPL 720.20[5][b]). However, the sentence imposed was excessive to the extent indicated herein.
The defendant's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court