People v Alberto (2024 NY Slip Op 03185)

People v Alberto

2024 NY Slip Op 03185

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-00673
 (Ind. No. 70782/21)

[*1]The People of the State of New York, respondent, 
v
Mario Alberto, Jr., appellant.

Matthew W. Brissenden, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Christopher E. Hoefenkrieg, J.), rendered December 19, 2022, convicting him of course of sexual conduct against a child in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, among other crimes, two counts of course of sexual conduct against a child in the first degree. These charges were based upon allegations that the defendant sexually abused the two complainants, who both were under the age of 11 years old, one child during the period of time between August 2008 and February 2010, and the other child during the period of time between December 2011 and August 2014. After a trial, the jury convicted the defendant of two counts of course of sexual conduct against a child in the first degree.
The defendant's contention that the County Court failed to properly instruct the jury on the infancy defense is unpreserved for appellate review (see CPL 470.05[2]; People v Green-Faulkner, 189 AD3d 1070, 1071). In any event, the court's charge to the jury concerning count 1 of the indictment accurately stated the law (see People v Gainer, 207 AD3d 745, 747; People v Green-Faulkner, 189 AD3d at 1071).
Contrary to the defendant's contention, defense counsel's failure to request certain jury instructions or to object to the County Court's jury instructions did not constitute the ineffective assistance of counsel. Under the circumstances here, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Gordon, 197 AD3d 723, 724-725; People v Robinson, 160 AD3d 991, 992).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court