People v Young (2025 NY Slip Op 06222)

People v Young

2025 NY Slip Op 06222

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

113442
[*1]The People of the State of New York, Respondent,
v
Quayvon Young, Appellant.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Craig S. Leeds, Albany, for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline McCaffrey of counsel), for respondent.

Powers, J.
Appeal, by permission, from an order of the County Court of Albany County (Andra Ackerman, J.), entered March 22, 2022, which denied defendant's application pursuant to CPL 720.20 (5) for a new youthful offender determination.
In 2010, defendant was one of five individuals indicted following a brutal attack upon two women in the City of Albany, during which property was forcibly taken from the victims. In full satisfaction of that indictment, defendant pleaded guilty to the reduced charge of attempted robbery in the second degree with the understanding that he would be sentenced to a prison term of no more than six years, to be followed by three years of postrelease supervision. Although it was acknowledged during the plea colloquy and at sentencing that defendant was eligible for youthful offender treatment, Supreme Court (Breslin, J.) declined to adjudicate defendant a youthful offender and sentenced him to a prison term of six years, to be followed by the contemplated period of postrelease supervision. Upon defendant's direct appeal, this Court affirmed the judgment of conviction and granted counsel's application to be relieved of his assignment, finding that there were no nonfrivolous issues to be raised upon appeal (94 AD3d 1291 [3d Dept 2012], lv denied 19 NY3d 1030 [2012]). Defendant thereafter moved to withdraw his plea based upon, among other things, Supreme Court's failure to accord him youthful offender treatment and delineate the reasons for the denial thereof. Supreme Court treated the motion as one to vacate the judgment of conviction pursuant to CPL 440.10 and denied the motion without a hearing. Defendant's subsequent motion to vacate the judgment of conviction based upon the alleged ineffective assistance of counsel was equally unsuccessful. In 2017, defendant then moved to set aside the previously-imposed sentence pursuant to CPL 440.20 on the basis that Supreme Court failed to determine whether he was eligible for youthful offender treatment in the first instance and, further, abused its discretion in failing to adjudicate him as a youthful offender. Supreme Court denied defendant's motion without a hearing and, on appeal, this Court affirmed (179 AD3d 1216, 1217-1218 [3d Dept 2020], lv denied 34 NY3d 1164 [2020]). In 2022, defendant filed the instant application for a new youthful offender determination pursuant to pursuant to CPL 720.20 (5), which the People opposed. County Court denied the application, and defendant appeals.
In 2021, the Legislature enacted CPL 720.20 (5) to provide a "second chance" for youthful offender determinations (Assembly Mem in Support, Bill Jacket, L 2021, ch 552). To be eligible to apply for a new youthful offender determination, a defendant must have been eligible for, but not determined to be by the sentencing court, a youthful offender at the time of conviction (see CPL 720.20 [5] [a]). At least five years must have also passed since the imposition of sentence, "or, if the individual was sentenced [*2]to a period of incarceration, including a period of incarceration imposed in conjunction with a sentence of probation, the individual's latest release from incarceration, provided that such individual has not been convicted of any new crime since the imposition of such sentence" (CPL 720.20 [5] [a]).[FN1] CPL 720.20 (5) provides the court with factors that it shall consider in determining whether to grant youthful offender status (see CPL 720.20 [5] [b] [i]-[ix]) and that the court adjudicating a defendant's application may conduct a hearing to determine the application upon its own motion, the People's or defendant's (see CPL 720.20 [5] [c]).
In making a new youthful offender determination, the statutory factors that a court "shall consider" are "(i) whether relieving the individual from the onus of a criminal record would facilitate rehabilitation and successful reentry and reintegration into society; (ii) the manner in which the crime was committed; (iii) the role of the individual in the crime which resulted in the conviction; (iv) the individual's age at the time of the crime; (v) the length of time since the crime was committed; (vi) any mitigating circumstances at the time the crime was committed; (vii) the individual's criminal record; (viii) the individual's attitude toward society and respect for the law; and (ix) evidence of rehabilitation and demonstration of living a productive life including, but not limited to participation in educational and vocational programs, employment history, alcohol and substance abuse treatment, and family and community involvement" (CPL 720.20 [5] [b] [i]-[ix]). Upon considering these requisite and relevant statutory factors, the decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed (see People v Mendez, 213 AD3d 868, 870 [2d Dept 2023], lv denied 41 NY3d 1019 [2024]; cf. People v Lunt, 232 AD3d 1054, 1056 [3d Dept 2024], lv denied 43 NY3d 1010 [2025]).
In support of his application, defendant relied upon, among other things, his desire to reintegrate into society following his term of incarceration, his level of culpability during the crime compared to that of his codefendants, the length of the prison sentence imposed for the underlying crime and the time elapsed since his initial incarceration,[FN2] and his overall rehabilitation and programming and educational accomplishments since being incarcerated. In denying defendant's application, County Court analyzed each of the nine statutory factors in its written decision, finding that granting defendant youthful offender status would not relieve defendant from the onus of a criminal record as this violent crime — which defendant played an active role in "planning and executing" — was not his sole or even his most serious felony conviction. Although the court acknowledged certain mitigating factors, including defendant's [*3]acceptance of responsibility and positive accomplishments during his incarceration, the court also noted how this conviction — in addition to defendant's other serious felony conviction for robbery in the first degree, for which charges were pending at the time of sentencing in this matter — reflect a "poor respect for the law." Accordingly, we find that the determination to deny defendant's application for a new youthful offender adjudication was a provident exercise of County Court's discretion upon consideration of the requisite factors (see CPL 720.20 [5] [b]; People v Mendez, 213 AD3d at 868-870; see also People v Adel N., 75 Misc 3d 1228[A], 2022 NY Slip Op 50689[U], *2-3 [Sup Ct, Queens County 2022]).
Pritzker, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: The People do not dispute that defendant is eligible for a new youthful offender determination under CPL 720.20 (5) (a).

Footnote 2: In 2011, defendant pleaded guilty to robbery in the first degree and was sentenced to a 13-year prison term, to be followed by five years of postrelease supervision, for his role in a separate violent robbery which occurred days prior to the instant offense (see People v Young, 100 AD3d 1186, 1187 [3d Dept 2012], lv denied 21 NY3d 1021 [2013]). The sentence imposed upon that conviction was to be served consecutive to the underlying conviction here and, therefore, defendant remains incarcerated.