People v Campbell (2025 NY Slip Op 07017)

People v Campbell

2025 NY Slip Op 07017

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JAMES P. MCCORMACK, JJ.

2018-15057
 (Ind. No. 1953/16)

[*1]The People of the State of New York, respondent,
v
Vaughn Campbell, appellant.

Twyla Carter, New York, NY (Jonathan R. McCoy of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered December 6, 2018, convicting him of assault in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly refused to instruct the jury on the defense of justification, because, under the particular circumstances of this case, the defense was not applicable to the counts charging robbery or assault (see Penal Law §§ 35.15[1][a], [b]; 120.10[4]; People v Ellison, 175 AD2d 846).
Contrary to the defendant's contention, the Supreme Court properly declined the defendant's request to have assault in the second degree charged as a lesser included offense to assault in the first degree because there is no reasonable view of the evidence, viewed in the light most favorable to the defendant, that would support a finding that he caused only physical injury as opposed to serious physical injury (see People v Richardson, 57 AD3d 410; People v Vasquez, 25 AD3d 465).
Contrary to the defendant's contention, the Supreme Court did not violate his right to be present when it charged the jury and responded to a jury note in his absence. A defendant's statutory and constitutional right to be present at all material stages of his or her trial may be waived (see People v Parker, 57 NY2d 136). "A valid waiver of the right to be present at trial will be [*2]implied if the record reflects that the defendant is aware that trial will proceed even though he or she fails to appear" (People v Forrest, 186 AD3d 1395, 1397 [internal quotations marks omitted]). Here, before proceeding in the defendant's absence, the court determined, based on the surrounding circumstances, that the defendant's absence was deliberate, made a record of the reasons for its finding, and exercised sound discretion upon consideration of all appropriate factors (see id. at 1398).
The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, although some of the comments could be characterized as improper denigration of the defense, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments and constituted a fair response to arguments made by defense counsel in summation or a fair comment on the evidence (see People v Halm, 81 NY2d 819; People v Galloway, 54 NY2d 396; People v Ashwal, 39 NY2d 105; People v Broderick, 199 AD3d 696, 697; People v Burns, 183 AD3d 835, 836; People v Alphonso, 144 AD3d 1168). To the extent that any comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Flippen, 236 AD3d 815; People v Bensabeur, 225 AD3d 891; People v Broderick, 199 AD3d at 697; People v Burns, 183 AD3d at 836).
BARROS, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.

2018-15057 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Vaughn Campbell, appellant.
(Ind. No. 1953/16)

Appeal from a judgment of the Supreme Court, Queens County, rendered December 6, 2018. Motion by the respondent to strike stated portions of the appellant's reply brief on the ground that they refer to matter dehors the record and raise arguments for the first time in reply. By decision and order on motion of this Court dated January 8, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to strike stated portions of the appellant's reply brief is granted to the extent that the following portions of the appellant's reply brief are stricken and have not been considered in the determination of the appeal: (1) the sentences on pages 11-12 beginning with "Just as in" and ending with "condition. Id.," including footnote 3; (2) the sentence on page 12 beginning with "Further" and ending with "condition"; and (3) the sentence in footnote 4 on page 14 beginning with "This argument" through the ending of the footnote with the word "court"; and it is further,
ORDERED that the motion is otherwise denied.
BARROS, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court